UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH JUNIOR MATTHEWS,

    Plaintiff,

  v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 2:17-CV-01000-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Joseph Junior Matthews filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his assessment of the medical opinion evidence from Dr. Richard Green, M.D. Had the ALJ properly considered this evidence, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On May 13, 2014, Plaintiff filed an application for DIB, alleging disability as of March 25, 2013. *See* Dkt. 6, Administrative Record ("AR") 151. The application was denied upon initial administrative review and on reconsideration. *See* AR 151. Thereafter, Plaintiff had two ALJ hearings. ALJ Glenn G. Meyers held the first hearing on October 5, 2015. AR 40-80. In a decision dated October 29, 2015, ALJ Meyers found Plaintiff to be not disabled. AR 151-66. However, the Appeals Council granted Plaintiff's request for review, which vacated ALJ Meyers' decision and remanded Plaintiff's claim to ALJ Meyers. AR 173-75.

ALJ Meyers held a second hearing on October 25, 2016. AR 83-119. In a decision dated November 28, 2016, ALJ Meyers again found Plaintiff to be not disabled. AR 16-32. The Appeals Council denied Plaintiff's second request for review, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to include in the hypothetical questions posed to the vocational expert ("VE") that Plaintiff can only stand or sit for up to 20 minutes at one time; and (2) making a determination in the RFC that Plaintiff would only be absent twelve times per year. Dkt. 8, pp. 5-13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ properly accounted for Dr. Green's opined limitation that Plaintiff can only stand or sit for up to 20 minutes.**

Plaintiff argues the ALJ erred by failing to include in the hypothetical questions posed to the VE the opined limitation from Dr. Richard Green, M.D., that Plaintiff cannot stand or sit for periods greater than 20 minutes. Dkt. 8, pp. 5-8. Although Plaintiff frames this issue as the ALJ's failure to include a physician's opined limitation in the VE's hypothetical questions, the issue is more accurately framed regarding whether the ALJ properly considered all of Dr. Green's opined limitations. *See id.* at 7 (Plaintiff noting "[t]he ALJ gave great weight to the opinion of Dr. Green, who found that the claimant cannot stand for more than twenty minutes," even though the ALJ failed to include this limitation in the VE's hypothetical questions).

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571. Furthermore, an RFC must take into account all of an individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

1       Dr. Green provided an assessment of Plaintiff, in which he described Plaintiff's medical conditions and functional limitations. AR 1727-33. In relevant part, Dr. Green opined Plaintiff "is unable to . . . stand or sit for periods greater than 20 minutes." AR 1731.

      The ALJ gave "great weight" to Dr. Green's opinion. AR 24-25. Regarding Dr. Green's opinion about Plaintiff's ability to stand or sit, the ALJ wrote:

> Dr. Green opines that the claimant cannot stand for more than twenty minutes due to his hip impairment, which I have accommodated for by allowing him to alternate positions[.]

AR 24.

      In the RFC, the ALJ stated Plaintiff "needs to alternate briefly between sitting and standing." AR 21. Similarly, at the hearing, the ALJ told the VE that Plaintiff would need to "briefly alternate from sitting to standing throughout the workday." AR 114, 116. However, the ALJ did not mention Dr. Green's opinion that Plaintiff could not stand or sit for periods greater than 20 minutes in either the RFC or the hypothetical questions posed to the VE. *See* AR 21, 114-17. Instead, without explanation, the ALJ "accommodated for" Plaintiff's inability to stand or sit for periods greater than 20 minutes by allowing Plaintiff to alternate positions. *See* AR 21, 24. Because the ALJ accommodated this finding by Dr. Green without explaining the basis for the accommodation – and not expressly providing for it in the RFC – it is unclear whether the ALJ intended to discount this particular finding. Hence, the ALJ failed to adequately explain his consideration of Dr. Green's finding that Plaintiff cannot stand or sit for periods greater than 20 minutes, and as such, the Court cannot determine whether the ALJ properly considered this finding. Accordingly, the ALJ erred by failing to explain the weight given to this significant probative evidence from Dr. Green. *See Flores*, 49 F.3d at 571 (an ALJ's written decision must state reasons for disregarding significant probative evidence); *see also Brown-Hunter v. Colvin*,

806 F.3d 487, 492 (9th Cir. 2015) (the ALJ must "set forth the reasoning behind [his] decisions in a way that allows for meaningful review").

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, the ALJ failed to properly account for all of Dr. Green's opined limitations in the RFC and hypothetical questions posed to the VE. Therefore, the ALJ erred. If the ALJ had properly considered Dr. Green's opinion, the RFC and hypothetical questions posed to the VE may have contained the limitation that Plaintiff was unable to stand or sit for periods greater than 20 minutes. Notably, the VE testified at the hearing that a "person would need to be able to stand or sit for at least 20 minutes to half an hour at one time" to meet basic job requirements. AR 116. This testimony indicates that the ALJ's error was not harmless, because the standing and sitting time necessary to meet basic work requirements exceeds the amount of time Dr. Green opined Plaintiff could stand and sit. Thus, because the ultimate disability determination may have changed, the ALJ's error was not harmless and requires reversal.

Plaintiff further asserts the ALJ erred by failing to ask the VE whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). Dkt. 8, pp. 8-9. An ALJ has an "*affirmative responsibility* to ask the VE about any possible conflict between" the VE's

testimony and the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (emphasis in original) (citing SSR 00-4P, 2000 WL 1898704 (2000)). The Court has determined remand is necessary in light of the ALJ's treatment of Dr. Green's opinion. Accordingly, on remand, the ALJ must ask the VE whether his testimony conflicts with the DOT and resolve any potential conflicts. *See id.*

**II.  Whether the ALJ properly determined Plaintiff would only be absent from work twelve times per year.**

Plaintiff also asserts the ALJ's RFC finding that Plaintiff would only be absent from work twelve times per year was not supported by the record. Dkt. 8, pp. 9-13. Specifically, Plaintiff maintains this finding was not supported by substantial evidence because the record indicates Plaintiff "needs to be present at numerous and frequent medical appointments to treat his numerous medical conditions," which would exceed twelve work absences per year. *Id.* at 11.

The Court has determined the ALJ committed harmful error in his treatment of Dr. Green's medical opinion. *See* Section I, *supra*. Because the ALJ's reconsideration of Dr. Green's medical opinion may impact his RFC assessment, the ALJ must reassess Plaintiff's RFC on remand, including any assessment of Plaintiff's work absences.

**III.  Whether the ALJ should re-evaluate all steps of the sequential evaluation process on remand.**

Lastly, Plaintiff requests the Court order the ALJ to re-evaluate this entire matter on remand, including reconsideration of all medical opinions, Plaintiff's RFC, Plaintiff's credibility, and all steps of the sequential evaluation process. *Id.* at 1-2. Plaintiff further requests he "be given the opportunity to update and supplement the record with additional evidence" on remand. *Id.* at 2.

Remand is necessary in light of the ALJ's harmful treatment of Dr. Green's medical opinion. *See* Section I, *supra*. Given that the ALJ's reconsideration of Dr. Green's opinion may impact all steps of the sequential evaluation process, the ALJ shall reconsider this entire matter on remand. Additionally, Plaintiff should be given the opportunity to update and supplement the record with additional evidence on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Therefore, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 14th day of December, 2017.

_____
David W. Christel
United States Magistrate Judge